IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PROGRESSIVE GULF INSURANCE COMPANY                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 2:08cv1KS-MTP

RICHARD CREEL, C and R TRUCKING, MALONE
LOGGING, INC., JONATHAN CARROLL, CHRISTINA SHAW,
WILLIE M. CARROLL, WALDO CARROLL, KESA WOODLAND,
LINDA CARROLL,and JOHN and JANE DOES 1-5                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#37]** filed on behalf of the plaintiff. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

This is a declaratory judgment action which arises as a result of an action pending in the Circuit Court of Lamar County, Mississippi in which Linda Carroll, Jonathan Carroll, Christina Shaw, Willie Carroll, Waldo Carroll, Kesa Woodland, as heirs and wrongful death beneficiaries of Walter L. Carroll, deceased (hereinafter the "Carroll heirs"), seek to collect damages from the defendants, Richard Creel, C and R Trucking, and Malone Logging, Inc. for the wrongful death of Walter L. Carroll, deceased. That action, styled *Jonathan Carroll, et al. v. C and R Trucking, et al.*, Civil Action No. 2006-379, arises from a single vehicle accident on November 14, 2005, in

which Walter L. Carroll was operating a log truck that left the paved portion of the road and overturned, resulting in Carroll's untimely death. At the time of the accident, Carroll was driving a 1993 Kenworth tractor, VIN 1XKWPB0X1PS997818, with an attached log trailer, owned by or leased to Richard Creel and/or Richard Creel d/b/a C and R Trucking.

In the wrongful death action, the Carroll heirs allege Walter L. Carroll was an employee of Creel and/or C and R Trucking and, further that, at the time of the accident and his death, Carroll was en route to deliver a load of logs to a lumber yard, in the course and scope of his employment with C and R Trucking. The same has been admitted in this action. The Carroll heirs assert negligence based claims against C and R Trucking and seek damages for the wrongful death of their decedent, including punitive damages. In addition, the Carroll heirs have joined as a defendant in that suit and seek to establish liability against Malone Logging, Inc., with whom C and R Trucking allegedly contracted to provide hauling services.

Prior to and at the time of the accident, Progressive Gulf Insurance Company ("Progressive Gulf") had issued a commercial automobile liability policy, policy number 08108206-0, with a policy period of June 10, 2005 through June 10, 2006, which was in effect at all material times. The named insured shown on the policy declarations was Richard Creel and Richard Creel Trucking. In addition to the named insured, the policy listed the decedent, Walter L. Carroll, as a "rated driver," and the Kenworth tractor and attached trailer involved in the accident as "scheduled autos" listed on the policy declarations.

At some time after they were joined and had appeared in the Carroll state court

action, Creel and C and R Trucking, through their counsel, demanded that Progressive Gulf provide a defense and indemnity to them through the liability policy issued by Progressive Gulf. Asserting that the subject policy does not provide coverage for nor a duty to defend against the claims asserted against Creel and/or C and R Trucking nor any others who might be liable for damages arising from the November 14, 2005 accident, the plaintiff filed this declaratory judgment action and now moves for summary judgment.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

The plaintiff asserts that the Progressive Gulf policy does not provide coverage nor create defense nor indemnity obligations pursuant to its very terms.  As stated, the Carroll state court Complaint alleges claims against C and R Trucking arising from the one-vehicle accident that occurred on November 14, 2005, in which Mr. Carroll, driving an insured vehicle owned by Mr. Creel, lost control of his vehicle on Highway 13 in Lamar County, exited the road, and was subsequently fatally injured.  Paragraph 6 of that Complaint specifically provides, in pertinent part, as follows:

> That on or about November 14, 2005, the decedent, Walter L. Carroll, was employed by C and R Trucking, who was under contract with Malone Logging, Inc. and Conway Pole & Piling Co., to drive and operate a log truck on the roads and highways of the state. That while thus employed the decedent was traveling North bound on Mississippi Highway 13 in Lamar County, Mississippi, and was in process of delivering logs to a lumber yard when his truck suddenly left the road overturning and resulting in the death of Walter L. Carroll.

Paragraph 8 of the Complaint further asserts that Creel and/or C and R Trucking were negligent and are liable for the alleged wrongful death of Mr. Carroll.

The Progressive Gulf insuring agreement at PART I – LIABILITY TO OTHERS states in pertinent part:

> We will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for which an insured is legally liable because of an accident.

See Policy at pp. 9.  Further, the liability policy contains several exclusions which the plaintiff asserts defeat coverage, specifically Exclusion 15.  The policy states:

EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, AN INSURED WILL NOT HAVE COVERAGE FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS PART I – LIABILITY TO OTHERS.
    Coverage under this PART I and our duty to defend does not apply to:

. . .

>    15. Bodily injury to you or an insured.

See Policy at pp. 11-16.

Thus, pursuant to Exclusion 15, the plaintiff is correct that there is no coverage for "Bodily injury to you or an insured." As defined by the policy, "Insured" includes:

> 1. You (defined as "the person shown in the Declarations as the named insured; or the organization shown in the Declarations as the named insured")
>
> 2. Any additional driver listed on your policy but only while driving your insured auto. . . .

See Policy at 10 "Additional Definitions." It is undisputed Carroll was shown as an "additional driver" listed on the policy. See Policy Declarations.

The policy defines "insured auto" as "(a) Any auto described in the Declarations or any replacement auto. . . ." See Policy at p. 5, ¶ 9. The Kenworth tractor and trailer operated by Carroll and involved in the accident was described or listed in the policy declarations applicable as of the November 14, 2005 accident. As a listed driver operating a listed vehicle, Carroll was, without question, an "insured," and Exclusion 15, therefore, precludes coverage. There are no genuine issues of material fact in dispute and Progressive Gulf is entitled to judgment as a matter of law based on Exclusion 15 and the undisputed facts.

In response to Progressive Gulf's summary judgment motion, the Carroll heirs essentially argue two points: (1) despite their own allegation in their pleadings in the state court action that Walter Carroll was, at the time of his accident and death an employee, acting in the course and scope of his employment with Creel and/or C and R Trucking, that Carroll's employment status has not been established with certainty; and

(2) that Carroll was not a party to the making of the insurance contract and, therefore, that he, and his heirs, should not be bound by its provisions.  Both of these arguments are without merit and disingenuous.  In fact, the arguments reflect a basic misunderstanding of the nature and purpose of a liability insurance policy.  The decedent was clearly not entitled to bodily injury coverage under the Progressive Gulf policy at issue under the facts of this case.

Further, exclusions 6 and 4 preclude coverage for injury to an employee of an insured arising out of or within the course and scope of employment.  The liability coverage afforded under the policy does not apply to "[b]]odily injury to an employee of an insured ... arising out of or within the course of employment"  See Policy at p. 12, Exclusion 6.  Moreover, coverage is excluded for "any obligation for which an insured or the insurer of that insured, even if one does not exist, may be held liable under Workers Compensation, unemployment compensation, or disability benefits law or any similar law."  See Exclusion 4.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#37]** filed on behalf of the plaintiff is granted and the plaintiff is entitled to a declaratory judgment of this court that Progressive Gulf Insurance Company is not in any way obligated under the subject liability insurance policy to provide coverage, indemnity or a defense to or for any of the defendants for any claim or damages sought or which may be awarded in the underlying state court action.

SO ORDERED AND ADJUDGED this the 13th day of April, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE